UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23cr23 DRL |
| EUGENE DAWSON, | 3:24cv403 DRL |
| Defendant. | |

OPINION AND ORDER

On September 13, 2023, Eugene Dawson pleaded guilty to unlawfully possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). He was sentenced the following February to an 84-month term of imprisonment. On May 17, 2024, he filed a timely *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. The court denies the petition.

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to such relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him

to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

Mr. Dawson calls § 922(g)(1) unconstitutional, both facially and as applied to him, under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). In two steps, the *Bruen* analysis asks "whether the Second Amendment's plain text covers a person's conduct such that the Constitution presumptively protects it," and "whether the government can justify its regulation consistent with our Nation's historical tradition of firearm regulation." *United States v. Regalado*, 709 F. Supp.3d 619, 623 (N.D. Ind. 2023) (citing *Bruen*, 597 U.S. at 17). His facial challenge requires that he show the statute is unconstitutional in all applications, *City of Los Angeles v. Patel*, 576 U.S. 409, 415 (2015), whereas his as-applied challenge requires that he show the statute is unconstitutional as applied to the facts of his case, *see United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011). Even if not procedurally defaulted, the court decides the as-applied challenge first because its failure here necessarily resolves the facial challenge. *See United States v. Salerno*, 481 U.S. 739, 745 (1987); *Hegwood v. City of Eau Claire*, 676 F.3d 600, 603 (7th Cir. 2012).

First, the court has upheld § 922(g)(1)'s constitutionality under *Bruen*'s historical analysis, and Mr. Dawson offers no cogent reason to reconsider this decision. *See Regalado*, 709 F. Supp.3d at 623-34. A historical tradition exists in this country of limiting the right to possess firearms for those the legislature perceives to be dangerous to the polity, including felons. *Id.* at 628-29. Second, and beyond this, Mr. Dawson has convictions for aggravated unlawful use of weapon and felony battery that demonstrate that, as applied to him, this isn't just perception. Nothing in *Bruen* changed the government's power to protect the public by disarming Mr. Dawson—someone with a violent record. *See id.* at 633-34. Third, Mr. Dawson possessed (indeed sold) a firearm while dealing drugs. "The Second Amendment does not give

anyone the right to be armed while engaging in a felony or to have a firearm nearby to protect his drug stash or embolden his enterprise. There is no constitutional problem with separating guns from drugs." *United States v. Wigfall*, 677 F. Supp.3d 791, 796 (N.D. Ind. 2023) (quotations and citation omitted).

Mr. Dawson next claims his counsel was ineffective in three ways. The Sixth Amendment to the United States Constitution guarantees a defendant the right to counsel—including the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To show a violation of this right, a petitioner must establish that (1) his counsel's performance was deficient, and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *see also Strickland*, 466 U.S. at 697; *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted).

This same two-part test applies to "challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the guilty plea context, the court applies the *Strickland* standard in a refined way. *United States v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021). To assess counsel's effectiveness at the plea stage, the performance prong remains largely unchanged: the petitioner "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States*, 726 F.3d 958, 966-67 (7th Cir. 2013). On the prejudice prong, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Smith*, 989 F.3d at 581; *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005).

First, Mr. Dawson claims his trial counsel was ineffective for not advising him of the government's burden of proof under *Bruen*. This allegation fails to secure *habeas corpus* relief for two reasons—because Mr. Dawson never says he would not have pleaded guilty had he known the standard,

3

and because he has not been prejudiced when *Bruen* would not render his charge unconstitutional. The court must deny § 2255 relief on this ground.

Second, Mr. Dawson says his trial counsel failed to tell him about the government's burden of proof, not least under *Rehaif v. United States*, 588 U.S. 225 (2019). *Rehaif* clarified that the government must prove that the defendant knew he was in a prohibited status when he possessed a firearm. *Id.* at 230-31. Mr. Dawson's argument contradicts his sworn statements at his plea hearing—namely, that his counsel explained to him the elements the government would need to prove (which included this element) and that, after the government's recitation of the elements (which likewise included this *Rehaif* element), he understood what needed to be true for him to be guilty of § 922(g)(1).

Mr. Dawson's alleged errors are thus "belied by his own [sworn] statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Statements at a plea hearing are made under oath, so the court is "generally justified in discrediting the proffered reasons for the motion . . . and holding the defendant to his admissions at the plea colloquy." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (quotations, brackets, and citation omitted). In addition, even if trial counsel had not specifically mentioned *Rehaif* by name, the colloquy covered the substantive elements from the law. And the court's colloquy can "ameliorate the adverse impact of his counsel's misinformation." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (quoting *Moore v. Bryant*, 348 F.3d 238, 243 (7th Cir. 2003)). The court must deny § 2255 relief on this ground.

Third, Mr. Dawson says his trial counsel coerced him to enter a plea agreement. This position likewise conflicts with several sworn statements at his plea hearing—that Mr. Dawson was fully satisfied with the job his counsel had done, that his counsel had not ignored his wishes, that no one had used force or made threats to get him to plead guilty, and that he was pleading guilty out of his own free will. The court likewise credits these sworn statements over his revisionary account today, so the court denies § 2255 relief on this basis. *See Patterson*, 576 F.3d at 437.

4

Last, Mr. Dawson says his sentence was "enhanced" based on facts not proven, particularly that the government dismissed his three counts for distributing a mixture containing cocaine but that the court used this information to increase his sentence. He received a four-level enhancement for possessing a firearm in connection with cocaine dealing. *See* U.S.S.G. § 2K2.1(b)(6)(B). He did not object to this enhancement. The court likewise noted his drug dealing when discussing the 18 U.S.C. § 3553(a) factors.

Mr. Dawson offers only this conclusion in his petition. His brief otherwise focuses on *Bruen*, not this specific basis for *habeas corpus* relief. Taking the argument at face value, the claim is procedurally defaulted. A § 2255 motion is not a substitute for direct appeal. *Doe*, 51 F.3d at 698. "A claim not raised on direct appeal generally may not be raised for the first time on collateral review and amounts to procedural default." *White v. United States*, 8 F.4th 547, 554 (7th Cir. 2021). Mr. Dawson never raised this argument on direct appeal. He offers no reason to view this point as anything but procedurally defaulted. In addition, he waived his right to a collateral attack on this basis in his plea agreement [22-1].

Even if the court read his § 2255 petition more broadly, particularly given its *pro se* status, and viewed this argument through the lens of ineffective assistance of trial counsel—say, perhaps, for trial counsel not objecting to the court's consideration of information about drug dealing—Mr. Dawson could not establish any prejudice to him, much less deficient performance by counsel. The government reserved the right in the plea agreement to tell the court the good things and bad things about Mr. Dawson; and, by law, the court could rely on any reliable information to decide a sentence, including facts within the presentence report. *See United States v. Betts-Gaston*, 860 F.3d 525, 539 (7th Cir. 2017); *see also* 18 U.S.C. § 3661; *United States v. Perez*, 956 F.3d 970, 976-77 (7th Cir. 2020). The guidelines permit the court to consider relevant conduct. A "bare denial" would not be enough at sentencing, nor is it enough today, to foreclose the court's consideration of reliable facts about his misconduct in addition to his illegal firearm possession, not least when his firearm possession occurred in conjunction with his drug dealing. *See United States v. Hawkins*, 480 F.3d 476, 477 (7th Cir. 2007). And federal law permits the court to decide a sentence

5

based on these circumstances of the offense and Mr. Dawson's history. *See* 18 U.S.C. § 3553(a)(1). In short, there was no cause for trial counsel to object, nor any prejudice to Mr. Dawson.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). When a petition is dismissed on the merits, the petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on Mr. Dawson's *post hoc* assertions within this petition in ready contrast to his sworn statements at the plea, and the other evidence before the court, including his procedural default of certain issues and reliable information at sentencing, reasonable jurists could not debate the conclusions today. Perhaps the evolving *Bruen* issue would invite at first blush a different view, not least when certain courts, albeit a minority, have viewed § 922(g)(1) as unconstitutional; but Mr. Dawson has not offered a single opinion of this ilk that has done so for someone who has his violent history or his associated drug dealing. The court thus believes that no reasonable jurist could debate today's result based on *Bruen*. The court denies a certificate of appealability.

## CONCLUSION

Accordingly, the court DENIES Mr. Dawson's petition challenging his sentence under 28 U.S.C. § 2255 [44], DENIES a certificate of appealability, and DENIES AS MOOT his motion requesting the status of his challenge [45]. This order likewise terminates the civil case [Cause No. 3:24cv403].

SO ORDERED.

December 4, 2024                                          *s/ Damon R. Leichty*
                                                                        Judge, United States District Court